## THIBERT et al. v. BEACON BURNER MFG. CORPORATION.

### No. 3799.

District Court, D. Massachusetts.
April 5, 1934.

Southgate, Fay & Hawley and Albert E. Fay, all of Worcester, for plaintiff.

James R. Hodder and Harrison J. Barrett, both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is a suit alleging infringement of letters patent of the United States Nos. 1,888,019 and 1,890,593. The defenses are anticipation and noninfringement.

### Statement of Facts.

(1) On November 15, 1932, letters patent of the United States No. 1,888,019 were issued to the complainant Thibert on his application, filed September 13, 1930. This patent related to a liquid fuel burner adapted to be set in domestic stoves and ranges.

(2) On December 13, 1932, letters patent of the United States No. 1,890,593 were issued to Thibert upon his application, filed December 8, 1930. This patent related to an improvement upon the device disclosed in the earlier patent.

(3) The complainants rely upon claims 8 to 13, inclusive, of No. 1,888,019 and claim 1 of No. 1,890,593. Claims 8 and 9 adequately illustrate the claimed novelty of the device, and are as follows:

"8. In a device of the character described, a base member having a fuel groove therein, a combustion chamber above said groove and in communication therewith comprising a plurality of upstanding perforated tubes forming extensions of the walls of said groove, a relatively high vaporizing chamber, independent of, and adjacent a wall of the combustion chamber and positioned to be heated by the heat from said combustion chamber, said vaporizing chamber having a relatively small opening adjacent its upper end for the admission of air into said vaporizing chamber, a fuel conduit below said groove and communicating therewith and with said vaporizing chamber, means for introducing liquid fuel into said conduit whereby, the heated vapors in said vaporizing chamber will contact with the surface of the fuel, and will aid in vaporizing the same.

"9. In a device of the character described, a base member having a fuel groove therein, a combustion chamber in communication with said groove, comprising upstanding perforated sheet members mounted above said groove, a fuel conduit means to supply liquid fuel thereto, said conduit having a relatively deep, channel portion below and communicating with said fuel groove and said combustion chamber, and forming a vaporizing chamber, the level of the bottom of the channel being below the level of the bottom of the fuel groove and the top of said channel being above the bottom of said fuel groove."

(4) Claim 1 of the later patent (1,890,593) only covers an improvement in the central stack, or chimney, by providing a vaporizing sleeve composed of material having higher heat resistance than cast iron.

(5) The claims, as I read them, comprise the following essential elements:

(a) A base member with one or more annular fuel grooves.

(b) Combustion chamber for each fuel groove comprising upstanding perforated tubes mounted above the fuel groove.

(c) Fuel conduits having relatively deep channel portion below and communicating with the fuel groove and combustion chambers forming a vaporizing chamber; the bottom of the channel being below and the top being above the bottom of the fuel groove, said conduits extending transversely across the fuel grooves on the under side thereof. They will be referred to hereinafter as the "radial conduits."

(d) The relatively high central chimney or stack heated by the adjacent combustion chambers with a small opening at the upper end for the admission of air. This element will be hereinafter referred to as the "central stack."

(e) Means for introducing liquid fuel into the radial conduits whereby the heated vapors in the vaporizing chamber will contact with the surface of the fuel and aid in vaporization.

(6) When Thibert entered the art, there were many different types of oil burners being manufactured and sold. In 1929 the Merrimac Company had sold in substantial quantities a burner which embodied all the elements of the patent in suit except that it had no central stack or chimney and the top of the radial conduit was on a level with the bottom of the fuel grooves.

(7) Of the cited prior patents, it is only necessary to consider Johnson reissue No. 18,464 (1928). This patent was not considered by the Patent Office. It related to a ·burner for use in domestic stoves and ranges. It shows all the elements of the claims of the patent in suit including a central vaporizing chamber not unlike that in complainant's device, and upon this is superimposed a stack which, according to the specifications, may be carried to the top of the burner. This member is constructed of heat-conducting material, and its principal function is to conduct heat from the adjacent combustion chambers downward to the liquid fuel and to cause vaporization in the vaporizing chamber which is positioned beneath the stack. The only difference between Johnson and Thibert is that in the former the radial conduits are not utilized as vaporizing chambers. Liquid fuel is not ordinarily introduced into these radial conduits. The vaporization takes place in the central vaporizing chamber, and only the resultant gas is fed into the conduits.

(8) The complainants contend that Thibert advanced the art by combining his central stack with specially arranged radial conduits, thereby providing auxiliary chambers in the radial conduits for the vaporization of the liquid fuel. According to the patent, the claim is made that the central stack not only operates as a conductor of heat to the vaporizing chamber directly beneath the stack but that it also causes a current of heated air to pass down through the stack and across through the radial conduits, thereby stimulating therein the process of vaporizing the liquid. Stress is laid upon the peculiar construction of the radial conduit which places the level of the bottom of the channel below and the top above the bottom of the fuel groove. According to the drawings, specifications, and claims of the patent, it is apparent that the invention contemplated that the liquid fuel would be present at all times in the radial conduits. The advantage claimed for this arrangement is that it provides a generous space above the level of the liquid fuel for the circulation of heated air.

(9) From the evidence I am unable to find that the complainants' burner, as manufactured and sold, meets the requirements of the patent in respect to these claims of novelty. After it is in operation there is no level of liquid fuel in the radial conduits, and they are not used for vaporizing chambers. When the burner is in full operation, vaporizing takes place in the central chamber and before any liquid fuel reaches the radial conduit; consequently, only gas or vapors enter the alleged auxiliary chamber. Nor was it proved to my satisfaction that, in defiance of the laws of physics, a current of heated air descended through a small opening in the central stack instead of being drawn out through the perforated wall into the adjacent combustion chamber. While it may be true that the central stack acts as a heat conductor and that heat is conveyed to the radial conduits in the complainants' burner, it is equally true that, in so far as the stack or chimney is utilized as a heat conductor, Thibert was merely copying Johnson. I can find nothing in complainants' commercial product which is not shown in the prior art.

(10) The complainants had, up to the eve of trial, assured the respondent's solicitor that it was not relying on any claim of letters patent No. 1,890,593, and it might be urged that they were estopped from pressing any claim for infringement based upon claim No. 1 of that patent. This patent covered merely an improvement upon the earlier patent, and the claim related only to material and form of the structure of the central stack. There was nothing new in view of Johnson in the form of the stack. The respondent does not use the same material, but possibly it might be charged with using an equivalent. However, in view of my findings and conclusions respecting the patentable features of the earlier Thibert patent, this claim of the second patent has little or no significance. If respondent copied Thibert's stack, it was merely taking something out of the prior art and was not using it for the purpose which the complainants assert was new in the Thibert device.

(11) The respondent's alleged infringing oil burner is manufactured under United States letters patent No. 1,932,597, issued October 31, 1933, to Parker, whose application was pending in the Patent Office when complainants' patent was being considered. No interference was declared. This burner has all the elements of the Johnson patent and of the patent in suit except that it does not claim any downward current of heated air

to aid vaporization in the radial conduits; it does not utilize the conduits as vaporizing chambers, and the top of the channel does not reach above the fuel grooves. In other words, respondent's device does not embrace those features of the complainants' patent upon which it was necessary wholly to rely in order to establish patentable novelty. The respondent's central stack is used only as a conductor of heat to a central vaporizing chamber, the same as is shown in the Johnson patent. The effectiveness of this central stack as a heat conductor is increased by the material out of which it is constructed and also by setting upon the vaporizing chamber a vented cap and an elongated shank projecting from the cap into the vaporizing chamber. This elongated shank extending down into the vaporizing chamber is an improvement over Johnson's or Thibert's patents.

(12) It was shown at the hearing that before Parker applied for his patent, and, before the respondent began to manufacture burners, they had investigated and experimented with the various burners on the market, including the complainants', and it is quite apparent that the burner which they elected to copy was the complainants' burner.

### Conclusions of Law.

The facts of this cause warrant the conclusion that the prior art severely limited the patent in suit. All the basic elements were old, and a combination of these elements was not new. The patent can be upheld, if at all, only because it introduced into the combination novel features which produce new and useful results. These alleged novelties are (1) a central stack from which a current of heated air passes into the radial conduits, thereby (2) utilizing the conduits as auxiliary vaporizing chambers, and (3) the peculiar construction of the channels in the radial conduits.

Respondent suggests that the patent must be held invalid for inoperativeness. If the complainants' burner in evidence is all that the patent teaches, it was wholly anticipated by earlier patents. I cannot assume, however, that it is impossible to build a burner according to the teachings of the patent that would fulfill the claims of novelty made for it. So far as the novel features are functional, they are not found in the earlier art. They obviously were the justification for the patent which carries a presumption of validity.

It appears, however, that respondent's device, although in form closely resembling the Thibert burner, embodied none of these novel features. This is adequately shown in my statement of facts, and repetition is not necessary.

My conclusion is therefore that the complainants' patent in suit is valid but not infringed.

The bill of complaint is to be dismissed, and a decree may be entered accordingly.